FISHER, Circuit Judge,
concurring.
Although I agree with the result reached by the majority, I write separately as I disagree with the harmless error analysis based on the parties’ arguments in this case. While the case law in this area is limited, I agree with the majority’s determination that the buyer has the burden of proving breach and that it provided notice within a reasonable-time to the seller that a breach occurred. The District Court’s jury instructions treated notice and opportunity to cure as an affirmative defense thereby improperly placing the burden on Selco. Although the instruction was improper, I believe that it was harmless error.
As discussed by the majority, Vanalt had the burden of proving that it provided Selco with notice of the breach within a reasonable time. Such notice provides a seller with a reasonable time to cure. Although the focus is on notice, the parties mistakenly focus on whether there was a reasonable opportunity to cure. This improper focus is what leads me to depart from the majority’s analysis.
Selco admitted at trial and in its briefs to this Court that Vanalt provided it with notice. Selco never argued that the timing of the notice was unreasonable, rather its argument was limited to a claim that Vanalt did not provide it with a reasonable opportunity to cure. As the majority points out, in its closing argument Selco stated: “So, what kind of opportunity did Selco have here? Was it a reasonable opportunity?” Opportunity refers to the opportunity to cure, not whether Vanalt provided reasonable notice. The argument regarding mitigation of damages similarly does not raise any issue regarding the reasonableness of the notice provided. Therefore, Selco admitted that Vanalt met its burden of proving notice.
Selco’s admission makes the flawed jury instructions a harmless error. An error is harmless “only if it is highly probable that the error did not affect the outcome of the case.” Forrest v. Beloit Corp., 424 F.3d 344, 349 (3d Cir.2005). The admission of receipt of notice makes it highly probable that the improper jury instruction did not affect the outcome of the case. Although the error was harmless, on remand, the District Court’s jury instruction should place the burden of proving notice on Vanalt. Therefore, I concur in the outcome of this case.